The Honorable Mark Riable State Representative 16611 Burlingame Road Little Rock, Arkansas 72211
Dear Representative Riable:
This is in response to your request for an opinion on whether there is any law or regulation forbidding the use of "push-ups" as a form of punishment for public school students, and whether this type of punishment would constitute "corporal punishment." You also ask, if this form of discipline is forbidden, what options teachers have in disciplining the students assigned them.
It is my opinion that no state law or regulation forbids the use of either "push-ups" or reasonable corporal punishment. The question of whether either is authorized in a particular school district, however, will depend upon local policy.
Arkansas law permits the use of "corporal punishment" in a "reasonable manner" for good cause in order to maintain discipline and order in the public schools. A.C.A. § 6-18-505
(1987). Each school district, however, must develop a written student discipline policy which may address the use of corporal punishment. A.C.A. § 6-18-503 (Cum. Supp. 1991). Whether the use of "push-ups" is an authorized form of discipline will therefore depend upon this local policy.
"Corporal punishment" has been defined as "[p]hysical punishment as distinguished from pecuniary punishment or a fine; any kind of punishment of or inflicted on the body. It may or may not include imprisonment, according to the context." Black's LawDictionary, (5th ed. 1977) at 306. See also Simmons v.Vancouver School District No. 37, 41 Wash. App. 365,704 P.2d 648 (1985) (citing a similar definition and holding that "corporal punishment" includes more than paddling). Although no case of record from this jurisdiction or any other discusses whether "push-ups" are a form of "corporal punishment," the practice would appear to fall within the broad definition above, in the sense that it is a punishment inflicted on the body.
With regard to your final question regarding the options of teachers in disciplining their students, reference again must be had to the applicable school district policy. It is this policy which will govern a teacher's authority in such cases.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh